NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE, INC., | Civil Action No.: 09-3302 (JLL) |
| Plaintiff, | |
| v. | OPINION |
| KNR HOTELS, LLC, KIRAN RACH, and NALIN RACH, | |
| Defendants. | |

**LINARES**, District Judge.

Currently before this Court are Defendant Kiran Rach's motion to dismiss Plaintiff's Complaint, Defendant Nalin Rach's motion to quash service of process, Defendant KNR Hotels, LLC's ("KNR") motion for an extension of time to retain counsel to respond to Plaintiff's Complaint, and Plaintiff Super 8 Worldwide, Inc.'s ("Super 8") cross motion for the entry of default against Defendants. All Defendants have submitted their respective motions acting pro se. Jurisdiction is premised on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). The Court has considered the submissions in support of and in opposition to both motions and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, all motions are denied.

I.     BACKGROUND

On September 14, 2006, KNR entered into a Franchise Agreement with Super 8. On the same day, Defendants Kiran Rach and Nalin Rach executed a Guaranty whereby they agreed to

guaranty the obligations of KNR under the Franchise Agreement. On July 7, 2009, Plaintiff filed the Complaint in this matter alleging various claims for breach of the Franchise Agreement and Guaranty as well as asserting an unjust enrichment claim and a claim for an accounting. The Complaint asserts that personal jurisdiction over Defendants is proper pursuant to the Franchise Agreement and Guaranty. Section 17 subsection 6.3 of the Franchise Agreement provides:

> You consent and waive your objection to the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey for all cases and controversies under this Agreement or between we and you.

(Compl., Ex. A., Super 8 Motels, Inc. Franchise Agreement, § 17.6.3.) The Guaranty, signed by Kiran Rach and Nalin Rach, provides:

> We acknowledge that Section 17 of the [Franchise] Agreement, including Remedies, Venue and Dispute Resolution and WAIVER OF JURY TRIAL, applies to this Guaranty.

(Id., Ex. B., Guaranty (emphasis in original).)

In their present motions, Defendants Kiran and Nalin Rach contest the sufficiency of the service of process by Super 8 and argue that this Court does not have personal jurisdiction over them because they do not have sufficient minimum contacts with New Jersey. They also argue that New Jersey is an improper venue. Kiran Rach also argues that Super 8 failed to engage in alternative dispute resolution prior to filing this lawsuit as required by the Franchise Agreement. Defendant KNR has filed a motion for an extension of time to answer Super 8's Complaint to enable it time to retain local counsel. Super 8 opposes Kiran and Nalin Rach's motions and has filed a cross motion seeking an entry of default against all defendants for failure to answer its Complaint in the time previously permitted by Magistrate Judge Cecchi.

**II.     KIRAN RACH's MOTION TO DISMISS**

    **A.     Service of Process**

In his motion, Kiran Rach asserts that service was insufficient because it "was accomplished not on any of the defendants, but on the wife of co-defendant." (Def.'s, Kiran Rach, Mot. to Dismiss Pl.'s Compl. & Incorp. Mem. of Law [hereinafter "Kiran Rach Mot."], at ¶ 4.)  Super 8 previously filed with this Court an Affidavit of Service for Kiran Rach.  The affidavit states that he was served at 228 Henley Circle, Davenport, Florida, and that service was effectuated upon his wife, who is a co-tenant at that address and who is over fifteen years of age. In its opposition to Kiran Rach's motion, Super 8 also supplied an Affidavit of Diligent Effort as to Kiran Rach which describes the process and research used by Super 8 to obtain the address of his dwelling place or usual place of abode.  In his motion, which is not sworn and which does not include a sworn affidavit,[1] Kiran Rach does not dispute that he resides at 228 Henley Circle or that Bharti Rach is not a suitable person to accept service.  Rather, he merely asserts that he personally was not served.

    Federal Rule of Civil Procedure 4(e) provides:

Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual–other than a minor, an incompetent person, or a person whose waiver has been filed–may be served in a judicial district of the United States by:
  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
  (2) doing any of the following:
    (A) delivering a copy of the summons and of the complaint to the individual personally;

---

[1] It is not clear to this Court if Kiran Rach's motion is signed at all.  Only the faintest indication of some mark in the signature region is visible.

      (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
      (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Therefore, in this case, service may be made according to the rules of New Jersey or Florida or in accordance with any of the options in 4(e)(2). Here, the Affidavit of Service provided by Super 8 indicates that service was made at 228 Henley Circle, Davenport, Florida on Kiran Rach's wife, Bharti Rach, who was over fifteen years of age. In the Affidavit of Diligent Effort, Super 8 shows that its research indicated that this was the residence of Kiran Rach.

Nothing in Kiran Rach's unsworn motion contradicts Super 8's affidavit of service. He states that he resides in Polk County, Florida, the county of this address. As noted above, he does not dispute that this is his home. Contrary to his argument, the Rules do not require that he personally be served for service to be sufficient. This Court finds that service of Kiran Rach was sufficient.

      **B.**    **Personal Jurisdiction and Venue**

The Federal Rules of Civil Procedure states that a defendant may move to dismiss a complaint for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). But, individuals may, through contractual forum selection clauses, chose in advance an acceptable forum for litigation of any disputes. Here, the Franchise Agreement contains a clear forum selection clause which consents to personal jurisdiction and venue in the District of New Jersey. In the Guaranty, Kiran Rach expressly agreed that this provision of the Franchise Agreement also applied to him. Therefore, it is not necessary to determine if Kiran Rach's contacts with New Jersey were sufficient to create personal jurisdiction; it need only determine that the forum selection clause is

enforceable against him.

"New Jersey has traditionally enforced [forum selection] provisions except where the clause was the result of fraud or coercive bargaining power, or where enforcement would violate strong public policy of the local forum . . . , or where enforcement would be seriously inconvenient for the trial." Shelter Sys. Group Corp. v. Lanni Builders, Inc.,622 A.2d 1345, 1346 (N.J. Super Ct. App. Div. 1993); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995) ("[A] forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum.")   The party challenging enforcement of a forum selection clause bears "the burden of demonstrating why they should not be bound by their contractual choice of forum."  Jumara, 55 F.3d at 880.  Here, Kiran Rach makes no arguments challenging the enforceability of the Guaranty and its incorporation of the forum selection clause in the Franchise Agreement.  He makes no arguments that an exception to enforcement of forum selection clauses applies in this case.  He merely argues that he "lack[s] the requisite minimum contacts with New Jersey."  (Kiran Rach Mot., at 2.)   Therefore, this Court finds that Kiran Rach has contractually waived any objection to personal jurisdiction in this Court and that venue is proper pursuant to the forum selection clause in the Franchise Agreement as incorporated into the Guaranty.

      **C.**    **Dispute Resolution Requirement**

Finally, Kiran Rach argues that Super 8 was required by the Franchise Agreement to engage in alternative dispute resolution prior to filing this lawsuit.  Section 17 subsection 6.2 states: "The parties shall attempt in good faith to resolve any dispute concerning this Agreement or the parties' relationship promptly through negotiations between authorized representatives.  If

these efforts are not successful, either party may attempt to resolve the dispute through non-binding mediation." (Compl., Ex. A., Franchise Agreement, § 17.6.2.)  This Section further provides:  "If the parties cannot resolve [a] dispute through negotiation or mediation, *or choose not to negotiate or mediate, either party may pursue litigation*." (Id. (emphasis added).)  Thus, the express language of the Franchise Agreement permits the filing of a lawsuit in lieu of alternative dispute resolution options, which by the clear terms of the Franchise Agreement are optional.  Therefore, this Court finds that Super 8 was not required to engage in alternative dispute resolution prior to filing this lawsuit.

For all of the foregoing reasons, Kiran Rach's motion to dismiss Super 8's Complaint is denied with prejudice.

### III. NALIN RACH'S MOTION TO QUASH

Although titled a motion to quash service of process, Nalin Rach's motion is almost identical to Kiran Rach's motion.  Service of process also was made on him through service on Bharti Rach, his sister-in-law, at 228 Henley Circle, Davenport, Florida.  The primary difference in the two motions is that Nalin Rach asserts that he is not a Florida resident, but instead is a resident of Middlesex, United Kingdom.  However, he does not provide a sworn affidavit[2] attesting to this fact, and he does not provide any other details of his dwelling place.  Super 8's Affidavit of Diligence for Nalin Rach indicates that 228 Henley is also Nalin Rach's address.  He has provided nothing but a bare, unsworn statement of non-Florida residency in response to Super 8's Affidavit of Service.  Thus, this Court finds that he has not demonstrated that service

---

[2]Like Kiran Rach's motion, the Court is unsure if Nalin Rach's motion is signed.  Only the faintest indication of some mark in the signature area is visible.

was insufficient. But, given his pro se status and his statement that he resides outside the United States, this Court dismisses his motion without prejudice to re-file a properly sworn affidavit challenging the facts provided in Super 8's affidavits. The Court notes, however, that even if he is able and willing to provide this information and the Court ultimately finds that the prior service was not sufficient, given Super 8's diligent efforts to locate Nalin Rach's residence, this Court will permit Super 8 additional time to effect service on him. Finally, for the same reasons as discussed above with regard to Kiran Rach, Nalin Rach waived any objection to personal jurisdiction or venue in this Court by his execution of the Guaranty.

**IV.     SUPER 8's MOTION FOR ENTRY OF JUDGMENT & KNR's MOTION FOR AN EXTENSION OF TIME**

The Complaint in this matter was filed on July 7, 2009. None of the Defendants filed an Answer within the required time. But, on September 9, 2009, Magistrate Judge Cecchi entered a consent order extending the time for Defendants KNR and Kiran Rach to answer Super 8's Complaint to September 24, 2009. Neither KNR nor Kiran Rach filed an answer within this time frame. Instead, almost a month and a half later they filed the present motion to dismiss, motion to quash, and motion for an extension of time. Super 8 argues that the record is clear that all defendants have been properly served, that they have been given ample opportunity to answer, that they have not done so, and so the entry of default against them is appropriate. This Court understands Super 8's frustration, but disagrees.

As is clear from Defendants' motions, they are not represented by local counsel and are acting pro se. KNR's motion was filed by Kiran Rach, a managing member of KNR. KNR, a limited liability company, must proceed through counsel. See Simbraw, Inc. v. United States,

367 F.2d 373, 374 (3d Cir. 1966) ("[It] is well established that a corporation can appear in a court of record only by an attorney at law."). Therefore, until an attorney for KNR makes an appearance, it may not assert its rights. The Court notes, though, that by filing the present motions, including KNR's request for time to obtain counsel, Defendants are not simply ignoring the lawsuit. Thus, although it will deny KNR's motion as an inappropriate filing, it also finds that an extension of time for all defendants to answer and retain local counsel is appropriate. Therefore, the Court denies Super 8's motion for the entry of default and denies KNR's motion for an extension of time to answer, but grants Defendants an additional thirty days to answer Super 8's Complaint. If Defendants do not file an answer and make appropriate appearances within this time frame, Super 8 may re-file its motion for default.

## V. CONCLUSION

For the foregoing reasons, Kiran Rach's motion to dismiss is denied with prejudice. Nalin Rach's motion to quash service of process is denied without prejudice. Nalin Rach may file an amended motion to dismiss within thirty days that addresses the deficiencies identified in this Opinion. KNR's motion for an extension of time is also denied, but the Court grants all defendants an additional thirty days to file an answer to Super 8's Complaint. Finally, Super 8's cross motion for the entry of default is denied without prejudice. An appropriate Order accompanies this Opinion.

DATED: December 11, 2009         /s/ Jose L. Linares
                                 JOSE L. LINARES
                                 UNITED STATES DISTRICT JUDGE